UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIM MAPP,
          Plaintiff,

vs                                                     Civil Action No.17-CV-1573
                                                                  Jury Trial Demand

ROBERT W. BARID & CO.,
          Defendant.

## COMPLAINT

Plaintiff, Kim Mapp, by her attorneys, Hall, Burce & Olson, S.C. and Law Offices of Robert A. Levine, complains of the Defendant, Robert W. Barid & Co. as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1343. Mapp is alleging employment discrimination and related retaliation under the Civil Rights act of 1866, 42 U.S.C. § 1981.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as the Defendant is located in this judicial district and the acts complained of all occurred within this judicial district.

### PARTIES

3. The Plaintiff, Kim Mapp ("Mapp"), is an individual residing in the Eastern District of Wisconsin and is an Black American female. At all times relevant, Mapp was an employee of the Defendant.

4. The Defendant, Robert W. Baird & Co., ("Baird"), is a Wisconsin corporation with its headquarters in Milwaukee, Wisconsin. It is a privately-held financial services company

providing brokerage and investment advisory services to individual, corporate and institutional investors.

## SALIENT FACTS

5. The plaintiff was hired by the defendant on or about December 11, 1995, as a Document Verification Distribution Clerk. In 2002, she was promoted to Senior Document Verification Specialist and worked in that position for eleven (11) years, for a total of approximately eighteen (18) years of employment with good performance reviews and evaluations

6. On August 13, 2013, the plaintiff applied for the position of Document Control/DVD Analyst which would have been a promotion. Notwithstanding the plaintiff's qualifications, she was denied the promotion. After Mapp was denied the promotion, she complained to Baird management, raising concerns of possible employment discrimination on the basis of race in connection with her treatment and working conditions

7. After the plaintiff complained to management about her treatment and working conditions and raised concerns about possible race discrimination, on October 17, 2013, she was placed on an employment improvement plan and on November 15, 2013, her employment was terminated by Baird.

8. At all relevant times, Mapp was qualified for her position as Senior Document Control Specialist, performed her job duties in a satisfactory manner, received favorable performance evaluations and was recognized by her peers and colleagues for her work.

9. At all relevant times, including during the Fall of 2013, until the date of her termination, the plaintiff was subjected to various unequal and discriminatory terms and conditions of employment because of her race, and/or in retaliation for her complaints of employment discrimination at Baird.

## STATEMENT OF CLAIM

10. The effect of the policies and practices alleged above by Baird was discriminatory, retaliatory and deprived Plaintiff of equal employment opportunities, to make and enforce contracts, and otherwise adversely affected her status as an employee because of her race, African American, and/or her complaints of discrimination, in violation of 42 U.S.C. Section 1981.

11. Defendant's actions, as alleged, were unlawful, intentional and motivated by a discriminatory and/or retaliatory animus against Mapp in view of her race, African American, and/or her complaints of discrimination at Baird.

12. Defendant's upper management, including Paul Purcell, then-acting Chief Executive Officer and Steve Booth, Chief Operating Officer, deliberately failed to take any appropriate corrective action to prevent, fairly investigate, and discipline those involved and/or otherwise rectify this situation.

13. The above-described conduct by Defendants was willful and/or in reckless disregard for Mapp's rights and substantially interfered with her employment.

14. As a direct and proximate result of said unlawful employment practices and disregard of Plaintiff's rights and dignity, as alleged, Plaintiff has lost wages and compensation, and has also suffered emotional distress, humiliation and anxiety about her ability to support her family, and her future employability and earning capacity as well as the disruption to her personal life.

15. Plaintiff has suffered irreparable injury from said policies, practices and usages as alleged, all of which violated 42 U.S.C. Section 1981.

## RELIEF SOUGHT

WHEREFORE, Mapp prays that this Court grant the following relief against the Defendant.

    A.    Award her lost compensation and employment benefits since or about November 15, 2013, and lost interest thereon, as well as damages for her career losses, and damages for emotional pain, suffering, humiliation and anxiety, all in an amount to be proven at trial.

    B.    Award her punitive damages in an amount to be proven at trial;

    C.    Grant her reasonable attorney's fees and costs; and

    D.    Grant her any additional relief that is warranted.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

s/James H. Hall, Jr.
James H. Hall, Jr.
State Bar No. 1004338
Robert A. Levine
State Bar No. 1011965
Attorneys for the Plaintiff

Hall, Burce & Olson, S.C.
759 N. Milwaukee Street
Suite 410
Milwaukee, Wisconsin 53202
(414) 273-2001
(414) 273-2015 (fax)
jhh@hall-legal.com

and

Law Offices of
  Robert A. Levine
630 N Broadway
Milwaukee, Wisconsin 53202